IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA    :

VS.                         : CRIMINAL NO. 11-00207-CG-C

RICHARD GAONA NUNEZ         :

## PRETRIAL CONFERENCE ORDER

A pretrial conference was held in this action on November 8, 2011, pursuant to Fed.R.Cr.P. 17.1, SD ALA LR 72.2(b)(2) (June 1, 1997) and the Court's internal operating policy relating to criminal cases. Those participating in the conference were:

George May
ASSISTANT UNITED STATES ATTORNEY

Kevin Hays
COUNSEL FOR DEFENDANT

After discussing the status of this criminal action with the conference participants, it is determined by the Court that this case is ready for trial. Accordingly, it is ORDERED that this case is scheduled for trial during the December, 2011 criminal term, commencing on the day of jury selection, which is scheduled for **November 28, 2011**. The parties estimate the trial to consume three day(s) for the Government and one and a half day(s) for the defendant; total trial time is estimated to consume four and a half day(s), exclusive of time required for jury selection.

As part of the pretrial conference, the parties were heard on all issues pending before the Magistrate Judge. They were encouraged to also identify any and all pretrial problems and/or issues amenable to pretrial resolution, the resolution of which would promote the just, speedy and efficient determination

of all charges against the defendant. The actions taken by the Court, as well as the problems and/or issues identified during the conference are memorialized as follows:

1. The following motion is pending before Magistrate Judge William E. Cassady: Motion for Disqualification of the Defendant's Attorney (Doc. 70). A Rule 44(c) hearing is scheduled for November 21, 2011, at 11:00 a.m.

2. The parties have or will attempt to stipulate to the following information: Toxicology Report and business records.

4. The parties have identified the following issue(s) that may be disputed should a sentencing hearing become necessary: None.

5. Counsel identified their conflicts during the December, 2011, term as follows:

AUSA: Mr. May made the request that the trial be set as late in the month of December as possible. Mr. May only recently received word that he will be deploying to Afghanistan and is scheduled for deployment training during the month of December. Someone else in the U.S. Attorney's Office will prosecute this case and that person is to appear in the next couple of days.

DEFENSE: None.

6. The parties were advised that juror questionnaires would be available for inspection on **Tuesday, November 22, 2011, after 2:00 p.m.**, in Room 138, United States Courthouse, Mobile, Alabama. **Counsel's failure to review these questionnaires shall be deemed a waiver of the opportunity to ask the same questions during voir dire.**

7. Any proposed *voir dire* questions are to be filed by **November 22, 2011.**

8. The parties orally consented to have the jury selection process

conducted by a magistrate judge, pursuant to 28 U.S.C. § 636(b)(3). They were advised that the practice of this Court is to obtain written consent, and were therefore instructed to complete and file the consent form not later than **November 22, 2011**. The parties also waived their opportunity to have any adverse rulings made by a magistrate judge during jury selection reviewed by a district judge. See *Peretz v. United States*, 501 U.S. 923, 111 S.Ct. 2661, 2670-71, 115 L.Ed.2d 808 (1991)(Supreme Court suggests that a *de novo* review of a magistrate judge's rulings by a district judge is available upon request of the parties.) Instead, they have opted to appeal said rulings, if necessary, directly to the Eleventh Circuit Court of Appeals.

DONE and ORDERED this 8th day of November, 2011.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE